GARRISON, Judge.
This is an appeal by the plaintiff, The International River Center d/b/a the New Orleans Hilton and Towers from a January 21, 1987 judgment of the district court granting defendant Cynthia Kogos’ exception of no right of action and dismissing plaintiff’s action against her.
On October 13, 1984 a wedding reception was held in Grand Ballrooms C & D of the Hilton. The Hilton invoice indicates that the reception was held I.H.O. (in honor of) Cynthia Kogos and Daniel Capobianco. Apparently credit was extended as no prepayment or deposit appears to have been required. The reception cost $13,013.88[1] which balance remained unpaid. Accordingly on June 26, 1985, the Hilton filed a suit on open account. Although the invoice contained the names of both Cynthia Kogos and Daniel Capobianco, Hilton initially filed suit only against Cynthia Kogos. In response thereto, Cynthia Kogos filed a “Peremptory Exception of No Right or Cause of Action” stating that the goods and services were contracted by her parents, Samuel Theodore and Olga D. Kogos, that no privity of contract exists between plaintiff and Cynthia Kogos and that Cynthis Kogos is not indebted to plaintiff. In short, plaintiff has the wrong defendant.
In response thereto, defendant Hilton on August 3, 1985 amended its petition to include Olga Kogos and Theodore Kogos. On December 6, 1985 judgment was rendered against Olga and Theodore Kogos in the full amount, which judgment was not appealed and is now final. Judgment debt- or rules were had against Olga and Theodore Kogos whose salaries are presently being garnished.
The Hilton was unable to produce any written contract for goods and/or services bearing the signature of Cynthia Ko- *1329 gos. The only document they were able to produce was an internal invoice typed by Hilton personnel containing the address of Mr. & Mrs. Kogos and no signatures. Cynthia Kogos further noted that it is common custom for the parents of the bride to pay for the wedding reception. (A custom tacitly acknowledged by the Hilton when it filed suit against the bride, but not against the groom).
Thus in the absence of express law, common custom or received usages are examined in an appeal to equity. See: C.C. Art. 21, C.C. Art. 3.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.

. 385 Dinners at $23.00 = $ 8,855.00
16% 1,416.80
9% 924.46
511,196.22
Piano 45.00
5 Bartenders @45.00 225.00
Tax 5 20.25
385 Corkage @$3.00 1,155.00
16% 184.80
14% 187.85
$13,013.88